UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PAMELA UNDERWOOD ) | CIVIL ACTION NO. 3:11-cv-668 |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| VALENTINE & KEBARTAS, INC. ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| _____) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq.*, and alternatively, the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat § 75-50 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367(a) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Pamela Underwood ("Plaintiff"), is a natural person who at

1

all relevant times resided in the State of North Carolina, County of Gaston, and City of Belmont.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), N.C. Gen. Stat. § 58-70-90(2), and N.C. Gen. Stat. § 75-50(1).

6. Defendant, Valentine & Kebartas, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), N.C. Gen. Stat. § 58-70-90(3), and N.C. Gen. Stat. § 75-50(2).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

9. Alternatively, Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

2

13. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. In connection with collection of an alleged debt, Defendant sent Plaintiff initial written communication dated April 20, 2011.

15. On or about May 2, 2011, Plaintiff received said communication and called Defendant to obtain information concerning possible payment arrangements.

16. During the ensuing conversation, Defendant's agent and/or employee gave Plaintiff three payment options.

17. Plaintiff stated that she would be unable to agree to a payment arrangement during the call, but would call Defendant again for the purpose of doing so.

18. In response to Plaintiff's statement, Defendant asked Plaintiff to hold, and then transferred the call to a different agent and/or employee of Defendant named "Dana Walsh."

19. Dana Walsh proceeded to ask, in a manner, tone, and volume the natural consequence of which was to abuse Plaintiff, "[w]hat is your problem?" "why do you need more time?" and "why aren't you capable of making a decision right now?"

20. Dana Walsh then stated that Plaintiff only had until 6:30 P.M. that

3

day to call back, or Plaintiff's account would be marked as "refused to pay," and Defendant would then sue Plaintiff.

21. Defendant further threatened to add six (6) months of past due charges to the alleged amount if Plaintiff did not call back that evening.

22. Plaintiff reiterated that she needed to look at her budget to determine which option she could afford.

23. Defendant reiterated its intent to mark Plaintiff's file as "refusing to settle the debt" if she failed to call back by 6:30 P.M. that day, and then abruptly terminated the call.

24. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. In connection with collection of a debt, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse, including using language the natural consequence of which was to abuse Plaintiff in its phone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k

4

in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to file a lawsuit and adding charges to the balance of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in

this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendant's false threats made.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(b)

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period, including threatening to take immediate action against Plaintiff without explanation as to how such action would relate to Plaintiff's rights afforded by 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF N.C. GEN. STAT. § 58-70-95(7)

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. The NCCAA provides: "No collection agency shall collect or attempt to collect any debt alleged to be due and owing from a consumer by means of any unfair threat, coercion, or attempt to coerce. Such unfair acts include, but are not limited to, the following: . . . Threatening to take any action not in fact taken in the usual course of business, unless it can be shown that such threatened action was actually intended to be taken in the particular case in which the threat was made." N.C. Gen. Stat. § 58-70-95(7).

35. Defendant violated N.C. Gen. Stat. § 58-70-95(7) by threatening to take any action not in fact taken in the usual course of business, where such threatened action was not actually intended to be taken in the particular case in which the threat was made, including threatening to file a lawsuit and adding charges to the balance of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-95(7);

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## ALTERNATIVE VIOLATION OF N.C. GEN. STAT. § 75-51(7)

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. Alternatively, Defendant violated N.C. Gen. Stat. § 75-51(7) by threatening to take any action not in fact taken in the usual course of business, where such threatened action was not actually intended to be taken in the particular case in which the threat was made, including threatening to file a lawsuit and adding charges to the balance of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-51(7).

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in

9

this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF N.C. GEN. STAT. § 58-70-100(1)

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. The NCCAA provides: "No collection agency shall use any conduct, the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt. Such conduct includes, but is not limited to, the following: . . . Using profane or obscene language, or language that would ordinarily abuse the typical hearer or reader." N.C. Gen. Stat. § 58-70-100(1).

40. Defendant violated N.C. Gen. Stat. § 58-70-100(1) by engaging in conduct the natural consequence of which is to oppress, harass, or abuse, including by using profane or obscene language, or language that would ordinarily abuse the typical hearer or reader.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-100(1);

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C.

10

Gen. Stat. § 58-70-130(b);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## ALTERNATIVE VIOLATION OF N.C. GEN. STAT. § 75-52(1)

41. Plaintiff repeats and re-alleges each and every allegation contained above.

42. Alternatively, Defendant violated N.C. Gen. Stat. § 75-52(1) by using profane or obscene language, or language that would ordinarily abuse the typical hearer or reader.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-52(1).

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

11

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF N.C. GEN. STAT. § 58-70-110

43. Plaintiff repeats and re-alleges each and every allegation contained above.

44. The NCCAA provides: "No collection agency shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation." N.C. Gen. Stat. § 58-70-110.

45. Defendant violated N.C. Gen. Stat. § 58-70-110 by attempting to collect a debt by fraudulent, deceptive or misleading representations, including its false threats made to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-110;

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## ALTERNATIVE VIOLATION OF N.C. GEN. STAT. § 75-54

46. Plaintiff repeats and re-alleges each and every allegation contained above.

47. Alternatively, Defendant violated N.C. Gen. Stat. § 75-54 by using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, including its false threats made.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-54.

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 29th day of December, 2011.

>Respectfully submitted,
>
>/s/ Holly E. Dowd
>Holly E. Dowd (N.C. Bar No. 37533)
>Weisberg & Meyers, LLC
>409A Wakefield Dr.
>Charlotte, NC 28209
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@attorneysforconsumers.com
>
>ATTORNEYS FOR PLAINTIFF
>
>*Please send correspondence to the address below*
>
>Holly E. Dowd
>*Weisberg & Meyers, LLC*
>5025 N. Central Ave. #602
>Phoenix, AZ 85012